UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

STEVEN JUDE,

                             Plaintiff,

             -against-

FIDEL GONZALES, WARDEN
SIMANACAS #15818, (ESU) CORRECTION OFFICER
CITY OF NEW YORK (CITY) and NEW YORK CITY
DEPARTMENT OF CORRECTION, (DOCS) Sued in
Their individual and official Capacities

                          Defendants.

--------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, WARDEN FIDEL GONZALES, AND CORRECTION OFFICER SIMANCAS**

**07 CV 6593  (HB) (DFE)**

<u>JURY TRIAL DEMANDED</u>

      Defendants City of New York, Fidel Gonzales, and Correction Officer Simancas, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

           1.     Deny the allegations set forth in the paragraph titled "Preliminary Statement" except admit plaintiff purports  to bring this action as stated therein.

           2.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

           3.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke supplemental jurisdiction as stated therein.

           4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

5.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that Correction Officer Simancas is employed by the City of New York as a Correction Officer with the New York City Department of Correction.

6.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that Fidel Gonzales was employed by the City of New York as a Warden of RNDC in the New York City Department of Correction.

7.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipality organized and existing under the laws of the State of New York.

8.      Deny the allegations set forth in paragraph "7" of the complaint.

9.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to proceed as stated therein.

10.     Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein.

11.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to base venue as stated therein.

12.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York maintains the New York City Department of Correction and that the RNDC is a facility within DOC.

13.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 13, 2006 and was assigned Claim No. 2007PI001775, and admit that the purported claim has not been paid or adjusted.

14.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that on information and belief plaintiff mad a complaint to the Inmate Grievance Resolution Program regarding the incident at issue in this action.

15.    Paragraph "14" of the complaint contains conclusions of law rather than averments of fact relating to plaintiff's claim; accordingly, no response is required.

16.    In response to the allegations set forth in paragraph "15" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "14" inclusive of this answer, as if fully set forth herein.

17.    Deny the allegations set forth in paragraph "16" of the complaint.

18.    Deny the allegations set forth in paragraph "17" of the complaint.

19.    Deny the allegations set forth in paragraph "18" of the complaint, except admit that mechanical restraints were placed onto plaintiff and plaintiff was escorted to intake, where he was placed in Pen #3.

20.    Deny the allegations set forth in paragraph "19" of the complaint.

21.    Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was infracted as a result of this incident.

22.    Deny the allegations set forth in paragraph "21" of the complaint.

23.    Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

24.    Deny the allegations set forth in paragraph "23" of the complaint.

25.    Deny the allegations set forth in paragraph "24" of the complaint.

26.    Deny the allegations set forth in paragraph "25" of the complaint.

27.    Deny the allegations set forth in paragraph "26" of the complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

28.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

29.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

30.    Any injury alleged to have been sustained, resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

31.    Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32.    At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33.    Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant, City is entitled to governmental immunity from liability.

- 4 -

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35.     To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36.     Plaintiff may have failed to exhaust his administrative remedies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37.     Fidel Gonzales had no personal involvement in the incident alleged in this action.

**WHEREFORE,** Defendants City of New York, Warden Fidel Gonzales, and Correction Officer Simancas request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              November 19, 2007

                             MICHAEL A. CARDOZO
                             Corporation Counsel of the
                             City of New York
                             Attorney for Defendants City of New York, Warden
                             Fidel Gonzales, and Correction Officer Simancas
                             100 Church Street, Room 3-311
                             New York, New York 10007
                             (212) 788-0899

By:                                    _____
                             STUART E. JACOBS (SJ 8379)
                             Assistant Corporation Counsel

To:     **VIA ECF**
         Law Offices of Andrew J. Spinell
         286 Madison Avenue, Suite 2100
         New York, New York 10017
         Attn: Andrew J. Spinell, Esq.

Docket No. 07 CV 6593 (HB) (DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN JUDE,

Plaintiff,

-against-

FIDEL GONZALES, WARDEN
SIMANACAS #15818, (ESU) CORRECTION
OFFICER
CITY OF NEW YORK (CITY) and NEW YORK
CITY DEPARTMENT OF CORRECTION,
(DOCS) Sued in Their individual and official
Capacities,

Defendants.

**ANSWER TO AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS CITY OF NEW
YORK, WARDEN FIDEL GONZALEZ AND
CORRECTION OFFICER
SIMANCAS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Correction Officer Raphael Santiago*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................,2007*

*.................................................................... Esq.*

*Attorney for .......................................................*

- 7 -